UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>USA,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00504-JLT-CDB<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on April 30, 2025. (Doc. 1). Plaintiff seeks to hold Defendant United States of America ("USA" or "Defendant") liable for violating his constitutional rights pursuant to 42 U.S.C. § 1983. (*See id.*).

I. **Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

## II. Screening Requirement

As to the status of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); (*see also id.* at 1129) ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

///
///
///
///

III.     **Plaintiff's Allegations**[1]

In his complaint Plaintiff names the United States of America as the sole Defendant. (Doc. 1 at 2). Plaintiff seeks $25 million dollars in relief. (*Id.* at 4). Plaintiff's complaint is not properly signed pursuant to Local Rules 101 and 131, but rather, bears Plaintiff's typewritten name on the signature line. *See* E.D. Cal. Local Rule 101, 131 (permitting electronic/typeface signatures only upon documents filed electronically).

Plaintiff asserts his claims are against the County of Kern "for conspiracy of criminal master mind plan to cover-up fraud[] and makeup with crime." (*Id.* at 8). He alleges local law enforcement agencies keep violating his online privacy. (*Id.* at 9). He alleges that "[t]he evidence[] which [he] is going to provide in USB#27 [is] the same evidence[] … also provided to local law enforcement agencies[.]" (*Id.*). Plaintiff appears to allege that local law enforcement agencies "proceed[ed] with conspiracy to plan and proceed with … criminal conduct[]" that threaten his life and "criminal act against [his] child on March 29, 2021" that kept "forcing [him] for almost [two] years and 11 months to make [him]" agree with Defendant "so that case can be closed[.]" (*Id.* at 10). Plaintiff alleges this agreement occurred on February 5, 2024, which resulted in closing all matters in "lower court … case number BFL-10-004449 against all defendant(s)." (*Id.*). Plaintiff alleges various matters are all "closed" including a "burglari[zed] property on August 26, 2020" and "[f]alse complaints in foreign country India, report number UID#1904048, and another false complaint on or around November 4, 2020, report number UID#1937693[.]" (*Id.*).

Plaintiff alleges "[t]here was no reason for local law enforcement agencies" to make "any false arrest by any false complaint of defendant(s)" and "there was no … reason behind to impose any charges which was not applicable … [and] which was not subject to dismissal." (*Id.* at 11). He alleges that the only reason "was to force [him] to pledge no-contest." (*Id.*). He requests the Court consider "all matters to reverse back pledge in two counts in which [he] was forced to pledge guilty by local administration and local law enforcement agencies by their master plan of

---

[1] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1  conspiracy." (*Id.*). He alleges "[t]here was [two] hours online and [six] months in-person
2  education" that was imposed and "there was community services of 16 hours" which "was the war
3  to warning … [him] not to proceed for the matter of December 16, 2020" and he seeks the Court
4  "to reverse back to not guilty and dismiss all of them." (*Id.*).

5      Plaintiff alleges that he may be "required to proceed through international law to impose
6  criminal charges" against those "who proceed fraudulently for claiming[] intent to tamper with
7  crime [he] was actually victimized." (*Id.* at 12). He alleges that the City of Bakersfield and County
8  of Kern are "directly involved and also required to impose criminal charges against technical
9  agencies who help them in the process of tampering with crime" and "they intentionally keep
10 promoting crime and keep violating [his] privacy … and also violating digital and contents[.]" (*Id.*
11 at 13). He alleges local law enforcement agencies "after imposing charges on [him] intentionally
12 start violating [his] online privacy and policies and taking away [his] personal information." (*Id.*).
13 He alleges that from 2021 to 2022, there are records of his phone calls asking "for help" with City
14 of Bakersfield and County of Kern police. (*Id.*). He alleges law enforcement agencies
15 disconnected his internet at his home address and violated his online privacy. (*Id.* at 14). He was
16 "forced" to stipulate an agreement on February 5, 2023, and Defendant violated his First
17 Amendment right to not let him petition the Court by modifying his software, and violated his
18 Fifth Amendment right by "editing functions of software" as to "have evidence against [him]."
19 (*Id.*). He alleges that he "will provide brief for all acts which consider criminal conducts" and for
20 "the actual matter" and the "circumstances[.]" (*Id.* at 15).

21 **IV.     Discussion**

22      The undersigned finds that even under a liberal construction of Plaintiff's complaint, the
23 complaint is frivolous and fails to state a cognizable claim.

24      First, while Plaintiff names the United States of America as the sole Defendant, his
25 allegations of wrongdoing pertain exclusively to acts committed by the County of Kern, its courts
26 and other municipal actors. Plaintiff pleads no facts or legal theory establishing that the federal
27 government can be liable for the acts of a municipality and/or its agencies. Thus, because
28 Plaintiff's claims are without "basis in law or fact," the action is frivolous. *See Andrews v. King*,

1 | 398 F.3d 1113, 1121 (9th Cir. 2005).

2 |     Second, even if the United States of America could be a proper defendant, the federal government and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver of such immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued."); *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction."). Plaintiff has not alleged any waiver of sovereign immunity and therefore, the United States of America is an improper defendant.

    Third, were Plaintiff to name the "court of county of [K]ern" (Doc. 1 at 3) as defendant based on the conduct alleged in the complaint, the claim likely would be barred. Specifically, the Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state. *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). "This prohibition applies when the "state or the 'arm of a state' is a defendant."" (*Id.*) (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991)). Thus, the Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996). The Court of Appeals has held that the Superior Court of the State of California has sovereign immunity as an arm of the state and, thus, is immune from suit in federal court under the Eleventh Amendment. *Munoz*, 91 F.4th at 980.

    Lastly, Plaintiff's allegations of purported constitutional violations of local law enforcement agencies are, as he concedes throughout the complaint, the subject of a separate action pending before the Court, 1:25-cv-00136-JLT-CDB ("*Brar I*") which the Court notes was dismissed with prejudice as time-barred on April 21, 2025.[2] (*See Brar I*, Docs. 28, 29, 31).

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Thus, Plaintiff's complaint fails to state any cognizable claim.  To the extent Plaintiff is able to cure the deficiencies identified above, he will be provided the opportunity to do so as set forth below.

## V.     Conclusion and Order

For the reasons set forth above, the Court finds the complaint is frivolous and fails to state any cognizable claim against Defendant United States of America.  Because he may be able to cure the deficiencies in his pleading, Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez*, 203 F.3d at 1130.

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79).  Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).   Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

As noted above, Plaintiff's complaint is not properly signed pursuant to Local Rules 101 and 131, but rather, bears Plaintiff's typewritten name on the signature line.  Accordingly, Plaintiff must review and comply with the Local Rules, including these rules that require he affix his actual or a facsimile copy of his signature on any amended complaint.

Finally, an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012).  If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete.  *See* E. D. Cal. Local Rule 220.  The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in the case.  Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order.**

///

Accordingly, it is hereby ORDERED:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and

2. **Within 21 days** from the date of service of this order, Plaintiff must either:

   a. File a first amended complaint curing the deficiencies identified by the Court in this order; or

   b. File a notice expressing Plaintiff's desire to proceed on the complaint as filed, following which the undersigned will recommend that the complaint be dismissed; or

   c. File a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 20, 2025**                              _____
                                                       UNITED STATES MAGISTRATE JUDGE

7