1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    TANBEER SINGH BRAR,                    Case No. 1:25-cv-00504-JLT-CDB
12                    Plaintiff,             ORDER DENYING MOTIONS FOR
                                             MISCELLANEOUS RELIEF
13           v.
                                             (Docs. 5, 7, 8)
14    UNITED STATES OF AMERICA,
15                    Defendant.             FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS PLAINTIFF'S COMPLAINT WITH
16                                           PREJUDICE AND WITHOUT LEAVE TO
                                             AMEND
17
18                                           (Docs. 1, 3)
19                                           **14-DAY OBJECTION PERIOD**
20
21           Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated

22    this action with the filing of a complaint on April 30, 2025.  (Doc. 1).  Plaintiff seeks to hold

23    Defendant United States of America ("USA" or "Defendant") liable for violating his constitutional

24    rights pursuant to 42 U.S.C. § 1983.  (*See id.*).

25           On May 20, 2025, the undersigned granted Plaintiff's application to proceed *in forma*

26    *pauperis* and entered the first screening order requiring a response from Plaintiff.  (Doc. 3).  In the

27    screening order, the undersigned found that the complaint is frivolous and fails to state any

28    cognizable claim against Defendant.  (*Id.* at 5).  Plaintiff was ordered within 21 days from the date

of service of the order (*i.e.*, June 13, 2025) to file either (1) a first amended complaint curing the deficiencies identified in the screening order, file a notice of voluntary dismissal, or (2) a notice expressing Plaintiff's desire to proceed on the complaint as filed, "following which the undersigned will recommend that the complaint be dismissed[.]" (*Id.* at 7). Plaintiff was forewarned that failure to comply with the order will result in the recommendation that "**this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute**." (*Id.*) (emphasis original).

On May 22, 2025, Plaintiff filed a filing labeled "motion traditional notion of fairness" (Doc. 5) and a motion for electronic filing privileges (Doc. 7).[1] On May 27, 2025, Plaintiff filed a motion referencing 18 U.S.C. § 1509 for "willful[] obstruction of justice[.]" (Doc. 8).

The undersigned addresses Plaintiff's filings and issues the following findings and recommendations below.

## I.    Plaintiff's Motions for Miscellaneous Relief

Upon review of Plaintiff's "motion" for "traditional notion of fairness," filed May 22, 2025 (Doc. 5), it is unclear what Plaintiff is requesting in his filing. Plaintiff contends "this motion … in this court of federal law to continue the matter which was kept 'uphold' with [his] motion at lower court[.]" (*Id.* at 1). Plaintiff appears to move the Court to "'continue' any matter which was uphold due to 'jurisdiction' over a non-residence [*sic*] whose presence was obtained through force or fraud." (*Id.*). Plaintiff appears to reference a motion filed in another case before the Court, 1:25-cv-00136-JLT-CDB, and asserts that the assigned district judge before that case and the instant matter, Judge Jennifer L. Thurston, "has proper legal provision to … exercise [his] matter with broad ground on [his] particular point … about conspiracy … and false arrests[.]" (*Id.* at 3). Plaintiff asserts that "this action is filed to protect rights by keep 'upholding' jurisdiction in this federal court, because previously child was used against [him] and false criminal charges was used against [him] to tamper." (*Id.* at 10). Plaintiff seeks "this federal court to be heard every matter to

---

[1] The same day, Plaintiff filed a motion for a bench warrant charging nonparties Apple Inc. and State of California with a violation of 18 U.S.C. sec. 1509. (Doc. 4). On May 23, 2025, the undersigned denied that motion as being frivolous and directed Plaintiff to refrain from filing frivolous motions. (Doc. 6) (citing *Neitzke v. Williams*, 490 U.S. 319, 324, 327 (1989)).

1    make orders which would be right [and] justice" and asserts that he is "not asking [for] any orders

2    at this time." (*Id.* at 16).

3        Also pending before the undersigned is Plaintiff's "motion [pursuant] to [18 U.S.C. §

4    1509]" for "willful[] obstruction of justice[.]"  (Doc. 8).  Plaintiff asserts "[t]his is [the] second

5    motion for obstruction of justice in this case" and is his "second complaint for obstruction of

6    justice" in the state court proceeding, Case No. BFL-19-004449.  (*Id.*).  Plaintiff recounts the Court

7    closing his other actions (1:25-cv-00503-JLT-CDB and 1:25-cv-00537-JLT-CDB) and argues that

8    these cases were "closed without any reason and without any rule and law." (*Id.* at 2).  Plaintiff

9    appears to repeat allegations raised in his other filing for "traditional notion of fairness."  (*See id.*

10   at 4-10).  Plaintiff argues that his cases should be reopened "and proceed with fair … and orders

11   for [him] and in [his] favor." (*Id.* at 10).

12       In sum, it is unclear from Plaintiff's "motions" what relief he seeks or what authority he

13   contends authorizes this Court to grant any such relief.  As recounted above, the motions largely

14   reference allegations involving a recently closed case before the Court and unrelated state

15   proceedings which are not at issue here and unresponsive to the screening order.  As Plaintiff was

16   forewarned in the previous action, "repetitive or frivolous filings … may summarily be

17   disregarded."[2]  *See Brar v. State of California*, No. 1:25-cv-00136-JLT-CDB (Doc. 31 at 3).

18   Accordingly, Plaintiff's motions will be denied.

19       Also pending before the undersigned is Plaintiff's motion for electronic filing privileges.

20   (Doc. 7).  Plaintiff requests the Court for access to online e-filing because the documents in his

21   phone and computers "are already breached."  (*Id.*).

22       Generally, "self-represented litigants are not permitted to e-file in this district."  *Miller v.*

23   *Sacramento City Unified Sch. Dist.*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3539733, at *3

24   (E.D. Cal. Aug. 11, 2021).  Under the Court's Local Rules, pro se parties are required to "file and

25   serve paper documents" and "may not utilize electronic filing except with the permission of the

26   assigned Judge or Magistrate Judge."  E.D. Cal. Local Rule 133(b)(2) (emphasis omitted).   "[E]-

---

[2] The Court may take judicial notice of court records.  *United States v. Wilson*, 631 F.2d
118, 119 (9th Cir. 1980).

3

filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused the filing procedures, the court will consider a further motion for e-filing privileges." *Miller*, 2021 WL 3539733 at \*3. Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(3). It is within the Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, No. 1:12-cv-02061-AWI-SAB, 2013 WL 2603413, at \*3 (E.D. Cal. June 11, 2013).

Here, Plaintiff's filing contains no explanation or justification for access to the electronic filing system. (Doc. 7). Further, the undersigned notes this newly-filed action has not proceeded beyond the pleadings stage given the instant findings and recommendations regarding the screening of Plaintiff's complaint. Because "it is not clear whether this case will proceed beyond the pleadings stage, the [undersigned] does not find good cause to depart from the default rule in this district not to permit self-represented litigants to e-file." *Miller v. Sacramento City Unified Sch. Dist.*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 3883916, at \*2 (E.D. Cal. Aug. 31, 2021). Thus, Plaintiff's motion will be denied. Although he does not have access to electronically view the filings in the case, Plaintiff will continue to receive paper copies of all court orders (including minute orders) mailed to him at the time of their issuance.

## II.    Screening Requirement

As Plaintiff was advised in the Court's initial screening order (Doc. 3), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); (*see also id.* at 1129) ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories.  *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989).  Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

### III.    Plaintiff's Allegations[3]

In his complaint, Plaintiff names the United States of America as the sole Defendant.  (Doc. 1 at 2).  Plaintiff seeks $25 million dollars in relief.  (*Id.* at 4).  Plaintiff's complaint is not properly signed pursuant to Local Rules 101 and 131, but rather, bears Plaintiff's typewritten name on the signature line.  *See* E.D. Cal. Local Rules 101, 131 (permitting electronic/typeface signatures only upon documents filed electronically).

Plaintiff asserts his claims are against the County of Kern "for conspiracy of criminal master mind plan to cover-up fraud[] and makeup with crime." (*Id.* at 8).  He alleges local law enforcement agencies keep violating his online privacy.  (*Id.* at 9).  He alleges that "[t]he evidence[] which [he] is going to provide in USB#27 [is] the same evidence[] … also provided to local law enforcement agencies[.]"  (*Id.*).  Plaintiff appears to allege that local law enforcement agencies "proceed[ed] with conspiracy to plan and proceed with … criminal conduct[]" that threaten his life and "criminal act against [his] child on March 29, 2021" that kept "forcing [him] for almost [two] years and 11 months to make [him]" agree with Defendant "so that case can be closed[.]"  (*Id.* at 10).  Plaintiff

---

[3] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

alleges this agreement occurred on February 5, 2024, which resulted in closing all matters in "lower court … case number BFL-10-004449 against all defendant(s)." (*Id.*). Plaintiff alleges various matters are all "closed" including a "burglari[zed] property on August 26, 2020" and "[f]alse complaints in foreign country India, report number UID#1904048, and another false complaint on or around November 4, 2020, report number UID#1937693[.]" (*Id.*).

Plaintiff alleges "[t]here was no reason for local law enforcement agencies" to make "any false arrest by any false complaint of defendant(s)" and "there was no … reason behind to impose any charges which was not applicable … [and] which was not subject to dismissal." (*Id.* at 11). He alleges that the only reason "was to force [him] to pledge no-contest." (*Id.*). He requests the Court consider "all matters to reverse back pledge in two counts in which [he] was forced to pledge guilty by local administration and local law enforcement agencies by their master plan of conspiracy." (*Id.*). He alleges "[t]here was [two] hours online and [six] months in-person education" that was imposed and "there was community services of 16 hours" which "was the war to warning … [him] not to proceed for the matter of December 16, 2020" and he seeks the Court "to reverse back to not guilty and dismiss all of them." (*Id.*).

Plaintiff alleges that he may be "required to proceed through international law to impose criminal charges" against those "who proceed fraudulently for claiming[] intent to tamper with crime [he] was actually victimized." (*Id.* at 12). He alleges that the City of Bakersfield and County of Kern are "directly involved and also required to impose criminal charges against technical agencies who help them in the process of tampering with crime" and "they intentionally keep promoting crime and keep violating [his] privacy … and also violating digital and contents[.]" (*Id.* at 13). He alleges local law enforcement agencies "after imposing charges on [him] intentionally start violating [his] online privacy and policies and taking away [his] personal information." (*Id.*). He alleges that from 2021 to 2022, there are records of his phone calls asking "for help" with City of Bakersfield and County of Kern police. (*Id.*). He alleges law enforcement agencies disconnected his internet at his home address and violated his online privacy. (*Id.* at 14). He was "forced" to stipulate an agreement on February 5, 2023, and Defendant violated his First Amendment right to not let him petition the Court by modifying his software, and violated his Fifth Amendment right

1  by "editing functions of software" as to "have evidence against [him]." (*Id.*). He alleges that he

2  "will provide brief for all acts which consider criminal conducts" and for "the actual matter" and

3  the "circumstances[.]" (*Id.* at 15).

4  **IV.    Discussion**

5      **A.    Failure to File First Amended Complaint**

6          Plaintiff failed to file a first amended complaint following the Court's issuance of its first

7  screening order (*i.e.*, June 4, 2025). (*See* Doc. 3 at 7). The undersigned construes Plaintiff's failure

8  to file a first amended complaint as an expression of his desire to proceed on the complaint as filed.

9  (*Id.* at ¶ 2). Thus, the undersigned recommends that the complaint be dismissed as it is frivolous

10  and fails to state a cognizable claim as set forth below. (*Id.*).

11      **B.    Frivolousness and Failure to State a Claim**

12          Even under a liberal construction of Plaintiff's complaint, the complaint is frivolous and

13  fails to state a cognizable claim. First, while Plaintiff names the United States of America as the

14  sole Defendant, his allegations of wrongdoing pertain exclusively to acts committed by the County

15  of Kern, its courts and other municipal actors. Plaintiff pleads no facts or legal theory establishing

16  that the federal government can be liable for the acts of a municipality and/or its agencies. Thus,

17  because Plaintiff's claims are without "basis in law or fact," the action is frivolous. *See Andrews*

18  *v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

19          Second, even if the United States of America could be a proper defendant, the federal

20  government and its agencies are entitled to sovereign immunity and cannot be sued absent a waiver

21  of such immunity. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa*,

22  756 F.2d 1455, 1458 (9th Cir. 1985) ("It is well settled that the United States is a sovereign, and,

23  as such, is immune from suit unless it has expressly waived such immunity and consented to be

24  sued."); *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) ("The waiver of sovereign

25  immunity is a prerequisite to federal-court jurisdiction."). Plaintiff has not alleged any waiver of

26  sovereign immunity and therefore, the United States of America is an improper defendant.

27          Third, were Plaintiff to name the "court of county of [K]ern" (Doc. 1 at 3) as defendant

28  based on the conduct alleged in the complaint, the claim likely would be barred. Specifically, the

7

1    Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting

2    state.  *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024).  "This

3    prohibition applies when the "state or the 'arm of a state' is a defendant.""  (*Id.*) (quoting *Durning*

4    *v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991)).  Thus, the Eleventh Amendment bars suits

5    against state agencies as well as those where the state itself is named as a defendant.  *Nat. Res. Def.*

6    *Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).  The Court of Appeals has held

7    that the Superior Court of the State of California has sovereign immunity as an arm of the state and,

8    thus, is immune from suit in federal court under the Eleventh Amendment.  *Munoz*, 91 F.4th at 980.

9        Lastly, Plaintiff's allegations of purported constitutional violations of local law enforcement

10    agencies are, as he concedes throughout the complaint, the subject of a separate action pending

11    before the Court, 1:25-cv-00136-JLT-CDB ("*Brar I*") which the undersigned notes was dismissed

12    with prejudice as time-barred on April 21, 2025.  (*See Brar I*, Docs. 28, 29, 31).

13        Thus, Plaintiff's complaint fails to state any cognizable claim.

14    **C.    Futility of Leave to Amend**

15        The Court of Appeals has "repeatedly held that 'a district court should grant leave to amend

16    even if no request to amend the pleading was made, unless it determines that the pleading could not

17    possibly be cured by the allegation of other facts.'"  *Lopez*, 203 F.3d at 1130 (en banc) (quoting

18    *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  "The decision of whether to grant leave

19    to amend nevertheless remains within the discretion of the district court," which may deny leave to

20    amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or

21    be futile, or if the party seeking amendment has acted in bad faith.  *Leadsinger, Inc. v. BMG Music*

22    *Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

23        Here, the complaint is frivolous because it improperly names the federal government as a

24    defendant, asserts claims without basis in law or fact, and fails to allege facts sufficient to state any

25    cognizable claim.  Defendant United States of America is entitled to sovereign immunity and

26    Plaintiff has not asserted any waiver of sovereign immunity.  *See Mogan v. State Bar of Cal.*, No.

27    24-3492, 2025 WL 1672874, at *2 (9th Cir. June 13, 2025) ("Amendment would be futile because

28    sovereign immunity bars Mogan's claims against the State Bar, and Mogan fails to explain how he

1   would cure the deficiencies in his claims against the individual defendants.") (citation omitted).

2   Separately, Plaintiff's allegations against unnamed defendant Kern County Superior Court fail as

3   barred by the Eleventh Amendment.

4         Because Plaintiff was provided the opportunity to file a first amended complaint curing the

5   identified deficiencies and has failed to do so, and amendment would be futile where sovereign

6   immunity bars a plaintiff's claims against a governmental entity, the undersigned recommends the

7   complaint be dismissed without leave to amend.

8   **V.**    **Conclusion, Order, and Recommendations**

9         Accordingly, IT IS HEREBY ORDERED that:

10   1.  Plaintiff's motions for miscellaneous relief (Docs. 5, 7, 8) are DENIED.

11         And IT IS HEREBY RECOMMENDED that:

12   1.  Plaintiff's complaint (Doc. 1) be DISMISSED with prejudice and without leave to amend.

13   2.  The Clerk of the Court be directed to close this case.

14         These Findings and Recommendations will be submitted to the United States District Judge

15   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after

16   being served with a copy of these Findings and Recommendations, a party may file written

17   objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to

18   Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave

19   of Court and good cause shown.  The Court will not consider exhibits attached to the Objections,

20   but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages

21   filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing

22   these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any

23   objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson*

24   *v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

25   IT IS SO ORDERED.

26      Dated:   **June 17, 2025**

27                                        UNITED STATES MAGISTRATE JUDGE

28