UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:25-cv-00504 JLT CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Docs. 9, 10, 11) |

Tanbeer Singh Brar, proceeding pro se and *in forma pauperis*, seeks to hold the United States of America liable for violating his constitutional rights pursuant to 42 U.S.C. § 1983. He also contends that the County of Kern and local law enforcement agencies "keep violating [his] online privacy[.]" (Doc 1 at 9.)

On May 20, 2025, the assigned magistrate entered the first screening order finding that Plaintiff's complaint is frivolous and fails to state any cognizable claim against Defendant. (Doc. 3.) Plaintiff was ordered within 21 days from the date of service of the order (*i.e.*, June 13, 2025) to file either (1) a first amended complaint curing the deficiencies identified in the screening order, file a notice of voluntary dismissal, or (2) a notice expressing Plaintiff's desire to proceed on the complaint as filed, "following which the [assigned magistrate judge] will recommend that the complaint be dismissed[.]" (*Id.* at 7.) Plaintiff was forewarned that failure to comply with the order will result in the recommendation that "**this action be dismissed for failure to state a**

1 **claim, failure to obey a court order, and/or failure to prosecute**." *Id.* (emphasis in original). On May 22, 2025, Plaintiff filed a filing labeled "motion traditional notion of fairness" and a motion for electronic filing privileges. (Docs. 5, 7.)[1] On May 27, 2025, Plaintiff filed a motion referencing 18 U.S.C. § 1509 for "willful[] obstruction of justice[.]" (Doc. 8.)

On June 17, 2025, the magistrate judge denied Plaintiff's motions for miscellaneous relief and issued findings and recommendations that this action be dismissed with prejudice because Plaintiff's complaint is frivolous and fails to state any cognizable claims, Plaintiff failed to file a first amended complaint curing the identified deficiencies after having the opportunity to do so, and further amendment would be futile where sovereign immunity bars a plaintiff's claims against a governmental entity. (Doc. 9 at 7, 9.) The magistrate judge found that Plaintiff pled no facts or legal theory establishing that the federal government can be liable for the acts of a municipality and/or its agencies and even if the United States of America could be a proper defendant, sovereign immunity bars the claims, and Plaintiff has not alleged any waiver thereof. *Id.* at 7. The magistrate judge further found that were Plaintiff to name the "court of county of [K]ern" as a defendant, the claim likely would be barred as "the Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state." *Id.* at 8 (citing *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024).) Lastly, the magistrate judge found that Plaintiff's allegations of purported constitutional violations of local law enforcement agencies are the subject of a separate action that was dismissed with prejudice as time barred on April 21, 2025. *Id.*; *see* 1:25-cv-00136-JLT-CDB ("*Brar I*") (Docs. 28, 29, 31.)

The Court served the findings and recommendations on Plaintiff and directed him to file any objections within 14 days. *Id.* at 9 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On June 26, 2025, Plaintiff filed a document entitled "Affidavit for the motion notion of fairness" (Doc. 10) and on July 7, 2025, he filed a purported "motion for request for orders and protection of rights" (Doc. 11.)

---

[1] The same day, Plaintiff filed a motion for a bench warrant charging nonparties Apple Inc. and State of California with a violation of 18 U.S.C. sec. 1509. (Doc. 4.) On May 23, 2025, the magistrate judge denied that motion as frivolous and directed Plaintiff to refrain from filing frivolous motions. (Doc. 6) (citing *Neitzke v. Williams*, 490 U.S. 319, 324, 327 (1989).)

To the extent these filings may be construed as objections to the findings and recommendations, the Court finds the filings unresponsive because they re-assert requests and arguments raised in previous motions that have already been considered and denied by the Court. (*See* Doc. 9 at 2-4) (order denying motions for miscellaneous relief).) Plaintiff's purported motion seeks to re-open four identified cases including the instant matter "to make proper orders in all of them, and wave [sic] any findings by magistrate or clerk and request to move for [trial.]" (Doc. 11 at 2.) The first identified case (1:25-cv-00522-JLT-CDB) does not involve Plaintiff and is disregarded. The second case (1:25-cv-00503-JLT-CDB) was dismissed without leave to amend and closed. *See* 1:25-cv-00503-JLT-CDB, Docs. 11, 12, 16. The third case is the instant matter which proceeds on this order. The fourth case (1:25-cv-00136-JLT-CDB) was dismissed with prejudice as time-barred and Plaintiff's motion for reconsideration was denied. *See* 1:25-cv-00136-JLT-CDB, Docs. 28, 29, 31. As the magistrate judge noted in considering Plaintiff's motions for miscellaneous relief (*see* Doc. 9 at 3), these filings (Docs. 10, 11) do not make clear what relief Plaintiff seeks or from what authority permits the Court to grant any such relief.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter entire matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued June 17, 2025 (Doc. 9) are **ADOPTED IN FULL**.
2. This action (Doc. 1) is **DISMISSED WITH PREJUDICE** and without leave to amend.
3. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:     **July 10, 2025**

UNITED STATES DISTRICT JUDGE

3